**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **KONAMI CORPORATION,** | § | |
| **a Japanese corporation,** | § | |
| | § | |
| **Plaintiff and Counter-Defendant** | § | |
| | § | **CIVIL ACTION NO. 2:05cv173** |
| **vs.** | § | |
| | § | |
| **ROXOR GAMES, INC.,** | § | |
| **a Texas corporation,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **MAD CATZ, INC.,** | § | |
| **a California corporation,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **REDOCTANE,** | § | |
| **a California corporation,** | § | |
| | § | |
| **Defendants and Counter-Plaintiffs** | § | |

**MEMORANDUM OPINION AND ORDER**

This claim construction Opinion construes terms in U.S. Patent No. 6,410,835 ("the '835 patent). Konami Corp. ("Konami") alleges Defendants Roxor Games, Inc. ("Roxor"), Mad Catz, Inc.("MadCatz"), and Redoctane ("RedOctane") (collectively "Defendants"), infringe the '835 patent.

**The Patent**

The '835 patent describes a dance game apparatus with a step-on base. The invention produces video and audio signals that cue the user to apply foot pressure onto the step-on base. The step-on base is composed of marked steps which correspond to the visual cues represented on the

video output.  The object of the game is to apply pressure on the correct step at the exact time the

invention cues the user, which if accomplished in succession, creates the sense and appearance of

dancing.   Depending on the user's accuracy and timing, the invention will score the user

accordingly.

## Applicable Law

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to

which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312

(Fed. Cir. 2005) (en banc) (quoting *Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.*, 381

F.3d 1111, 1115 (Fed. Cir. 2004)).  In claim construction, courts examine the patent's intrinsic

evidence to define the patented invention's scope.  *See id.*; *C.R. Bard, Inc. v. U.S. Surgical Corp.*,

388 F.3d 858, 861 (Fed. Cir. 2004); *Bell Atl. Network Servs., Inc. v. Covad Communications Group,*

*Inc.*, 262 F.3d 1258, 1267 (Fed. Cir. 2001).  This intrinsic evidence includes the claims themselves,

the specification, and the prosecution history.  *See Phillips*, 415 F.3d at 1314; *C.R. Bard, Inc.*, 388

F.3d at 861.  Courts give claim terms their ordinary and accustomed meaning as understood by one

of ordinary skill in the art at the time of the invention in the context of the entire patent.  *Phillips*,

415 F.3d at 1312-13; *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1368 (Fed. Cir. 2003).

The claims themselves provide substantial guidance in determining the meaning of particular

claim terms.  *Phillips*, 415 F.3d at 1314.  First, a term's context in the asserted claim can be very

instructive.  *Id*.  Other asserted or unasserted claims can also aid in determining the claim's meaning

because claim terms are typically used consistently throughout the patent.  *Id*.  Differences among

the claim terms can also assist in understanding a term's meaning.  *Id*.  For example, when a

dependent claim adds a limitation to an independent claim, it is presumed that the independent claim

does not include the limitation.  *Id*. at 1314-15.

2

Claims "must be read in view of the specification, of which they are a part." *Id.* (quoting

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 978 (Fed. Cir. 1995)). "[T]he specification 'is

always highly relevant to the claim construction analysis.  Usually, it is dispositive; it is the single

best guide to the meaning of a disputed term.'" *Id.* (quoting *Vitronics Corp. v. Conceptronic, Inc.*,

90 F.3d 1576, 1582 (Fed. Cir. 1996)); *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325

(Fed. Cir. 2002).  This is true because a patentee may define his own terms, give a claim term a

different meaning than the term would otherwise possess, or disclaim or disavow the claim scope.

*Phillips*, 415 F.3d at 1316.  In these situations, the inventor's lexicography governs.  *Id.*  Also, the

specification may resolve ambiguous claim terms "where the ordinary and accustomed meaning of

the words used in the claims lack sufficient clarity to permit the scope of the claim to be ascertained

from the words alone."  *Teleflex, Inc.*, 299 F.3d at 1325.  But, "although the specification may aid

the court in interpreting the meaning of disputed claim language, particular embodiments and

examples appearing in the specification will not generally be read into the claims."  *Comark

Communications, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998); *see also Phillips*, 415

F.3d at 1323.  The prosecution history is another tool to supply the proper context for claim

construction because a patent applicant may also define a term in prosecuting the patent.  *Home

Diagnostics, Inc., v. Lifescan, Inc.*, 381 F.3d 1352, 1356 (Fed. Cir. 2004) ("As in the case of the

specification, a patent applicant may define a term in prosecuting a patent.").

Although extrinsic evidence can be useful, it is "less significant than the intrinsic record in

determining 'the legally operative meaning of claim language.'"  *Phillips*, 415 F.3d at 1317 (quoting

*C.R. Bard, Inc.*, 388 F.3d at 862).  Technical dictionaries and treatises may help a court understand

the underlying technology and the manner in which one skilled in the art might use claim terms, but

technical dictionaries and treatises may provide definitions that are too broad or may not be

indicative of how the term is used in the patent.  *Id*. at 1318.  Similarly, expert testimony may aid a court in understanding the underlying technology and determining the particular meaning of a term in the pertinent field, but an expert's conclusory, unsupported assertions as to a term's definition is entirely unhelpful to a court.  *Id*.  Generally, extrinsic evidence is "less reliable than the patent and its prosecution history in determining how to read claim terms."  *Id*.

### The Terms

Eleven terms were set to be heard on June 1, 2006, but before the hearing, the parties agreed on the construction of "moving said person's feet in rhythmic with said rhythmic piece"[1] and "recognizable with."[2] Of the nine remaining claims six are disputed on traditional construction grounds: "dance apparatus," "output device for outputting a rhythmic piece," "recognizable relationship," "matching relationship," "relative movement," and "scrolling;" and three are disputed for indefiniteness: "effective mating, mating, mates," "respective parallel loci," "said correspondence between said first and second display parts."  The Court will begin by addressing the first group.

*Dance Apparatus*

"Dance apparatus" appears in the preambles of claims 11-26, 46, and 47.  Konami argues that "dance apparatus" should not be construed because it is not a claim limitation, but Defendants contend that "dance apparatus" should be construed as "a self-contained piece of equipment, comprising certain components, for directing and monitoring movement." The Court finds that this term does not limit the claims and should not be construed.

There is no "litmus test" for determining whether preamble language is limiting. *Bicon, Inc. v. Strauman Co.*, 441 F.3d 945, 952 (Fed. Cir. 2006).  Instead, whether a preamble should be treated

as a claim limitation depends on "the facts of each case in light of the claim as a whole and the invention described in the patent." *Storage Tech. Corp. v. Cisco Sys.*, 329 F.3d 823, 831 (Fed. Cir. 2003). If the body of the claim "sets out the complete invention," the preamble is not ordinarily treated as limiting the scope of the claim. *Bicon*, 441 F.3d at 952. However, a preamble limits a claimed invention if it "recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim." *NTP, Inc. v. Research in Motion, Ltd*., 428 F.3d 1282, 1305-06 (Fed. Cir. 2005), *cert. denied*, 1266 S. Ct. 1174 (2006). A preamble may also be limiting if it provides antecedent basis for the claim terms that follow. *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1350 (Fed. Cir. 1998). However, if the preamble adds no limitations to those in the body of the claim, the preamble is not itself a claim limitation and is irrelevant to proper construction of the claim. *See Pitney Bowes, Inc. v. Hewlett-Packard Co.,* 182 F.3d 1298, 1305 (Fed.Cir.1999).

As noted above, preamble language is not normally limiting, therefore, when a Court is asked to construe preamble language it must undertake a two-step analysis. First, the Court must determine whether the preamble language limits the claims. *Id*. If the Court finds the preamble language to be limiting, then a traditional construction analysis may be appropriately undertaken. Here, Defendants seem to put the cart before the horse by offering a construction of "dance apparatus" without first establishing that "dance apparatus" is a proper subject for construction because it limits the claims. Although the Court finds Defendants' construction inappropriate in light of the specification and claims, as a threshold matter, the Court also finds that "dance apparatus" is not a claim limitation and is not the proper subject of construction. The Court will address Defendants' arguments first.

Defendants argue that "the patentee has consistently and clearly used the term 'apparatus'

---

1 The parties agreed to construe this term to mean "moving said person's feet in rhythm with said rhythmic piece."

throughout the '835 patent specification in a more limiting way than its general usage, which effectively limits the scope of the term in the claims." Defendants' Responsive Claim Construction Brief, p. 5 *citing ResQNet.com, Inc v. Lansa, Inc.*, 346 F.3d 1374, 1378 (Fed. Cir. 2003). Defendants cite *ResQNet.com* for the well-established proposition that a patentee may expand or limit the scope of a term in the context of the patent claims by clearly using that term in a manner that is more or less expansive than its general use. *Id. citing Middleton, Inc., v. Minn, Mining & Mfg. Co.,* 311 F.ed 1384, 1388 (Fed. Cir. 2002). While that rule may be helpful in determining the scope of claim language that is the proper subject of construction, it is not helpful in determining whether preamble language such as "dance apparatus" is a claim limitation such that construing that term would be appropriate.

The thrust of Defendants' position is that the "apparatus" contemplated in the specification is a unitary or "self-contained" apparatus, and that this unitary structure was at the heart of the invention. Defendants' Responsive Claim Construction Brief, p. 5 *citing Transclean Corp v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1371 (Fed. Cir. 2002) (Upholding district court's construction of a term based on purpose of the invention and disputed term's use within the specification.).  Once again, Defendants argue in support of their construction of "dance apparatus" before establishing that "dance apparatus" need be construed at all.  As was the case in *ResQNet.com*, the Court in *Transclean* was tasked with construing claim language; it was not as this Court is, faced with the dual task of deciding whether certain preamble language should be read into the claim, and if so, the proper construction of that language.  Although Defendants do not misstate the law in *ResQNet.com* and *Transclean,* their reliance on these cases illustrates that they are prematurely arguing for a construction of "dance apparatus" before it has been established that

---

2 The parties agreed to construe this term to mean "recognizable relationship with."

"dance apparatus" is a claim limitation justifying construction.

To address the issue of whether "dance apparatus" limits the claims, the Court will begin with the language of the claims themselves.  Reviewing the role of "dance apparatus" within the claim language reveals that it does not provide essential structure or antecedent basis to the associated claim language.  Claim 11 is fairly representative and provides,

> Dance apparatus for us by a player comprising:
>
> an output device for outputting a rhythmic piece;
>
> a plurality of actuateable parts for actuation by a player's feed;
>
> a display unit displaying first and second display parts, said first display parts having a recognizable relationship with corresponding actuateable parts;
>
> a guidance unit effecting display of relative movement between said first and second display parts;
>
> said guidance unit including a control section for controlling said relative movement to display a matching relationship between said first and second display parts in timed relationship with said rhythmic piece to thereby direct the player in to actuate said actuateable parts with the player's feet in timed relationship with the displaced matching relationship between the first and second display parts and thereby in timed relationship with said rhythmic piece such that the player is thereby directed to dance in rhythm with said rhythmic piece.

The body of the claims set forth a complete invention, and it is clear that the claim drafter did not choose "to use *both* the preamble and the body to define the subject matter of the claimed invention." *Bell Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.,* 55 F.3d 615, 620 (Fed.Cir.1995) (emphasis in original).  Indeed, the term "dance apparatus" could be replaced with the more conventional "apparatus" without affecting the scope or meaning of the claims.  Here, as in *IMS Technology, Inc. v. Haas Automation, Inc.*, 206 F.3d 1422 (Fed. Cir. 2000), the "preamble merely gives a descriptive name to the set of limitations in the body of the claim that completely set forth the invention."  Therefore, the Court cannot find that "dance apparatus" should be read as

limiting.  However, even if "dance apparatus" were a claim limitation the Court would still not adopt Defendants' construction because it improperly imports limitations from the preferred embodiment, and rests on the misapprehension that the purpose and novelty underlying the '835 patent was a unitary or "self-contained" structure.

The written specification describes the constituent parts of the claimed apparatus, but it never requires that those constituent parts be compiled into a "self-contained piece of equipment." Although Figure 2, which Defendants rely heavily upon, shows a unitary or "self-contained" apparatus, that illustration reflects an embodiment of the invention set forth in the claims.  However, the claims, like the written portion of the specification, set forth the constituent parts of the invention without requiring that all of the parts be combined in a unitary structure.  Accordingly, even if "dance apparatus" were limiting the Court would not adopt Defendants' construction.

*Output Device for Outputting a Rhythmic Piece*

This phrase is found in claims 11, 18, 27, and 46.  The parties agree that "output device" is "an apparatus for signaling an output," and that "rhythmic piece" is "a work that includes a sound pattern or beat."  Defendant MadCatz, however, proposes that the entire phrase should be construed to mean "loud speaker" because the only device that can output "a sound pattern or beat" is a loud speaker. However, the Court sees no reason to construe this language because an appropriate understanding of the phrase may be reached from the ordinary meaning of the claim language in conjunction with the agreed constructions of "output device" and "rhythmic piece."  Further, if Court were to construe the phrase it would not adopt MadCatz construction because it seeks to improperly import limitations into the claims from the specification.

"We begin our claim construction analysis, as always, with the words of the claim." *Teleflex,* 299 F.3d at 1324.  The ordinary meaning of this claim language embraces the purpose of the output

8

device, indicating that its function is to output a "rhythmic piece." Thus, the claim language does not specify the type of "output device" contemplated, rather, it simply requires that the claimed "output device" be capable of "outputting a rhythmic piece." *CCS Fitness, Inc. v. Brunswick Corp.,* 288 F.3d 1359, 1366 (Fed.Cir.2002) ("The terms used in the claims bear a presumption that they mean what they say and have the ordinary meaning that would be attributed to those words by persons skilled in the relevant art."). In light of the assistance provided by the agreed constructions of "output device" and "rhythmic piece," a juror could arrive at a proper understanding of this phrase without need to resort to MadCatz's construction. Further, even assuming the plain and ordinary meaning of this claim language were insufficient to understand what is claimed, the Court would nonetheless decline to adopt MadCatz's construction because it improperly limits the meaning of this phrase.

MadCatz contends that a "rhythmic piece," is necessarily an auditory piece, in turn necessitating that the "output device" be a "loud speaker." In support, MadCatz points to specification excerpts referring specifically to "speakers," as well as Figure 2, which depicts speakers as a part of the claimed apparatus. 3:18-19; 3:32; 4:9-11; 7:27, 55; 9:54; 12:54. However, all of these excerpts appear in the preferred embodiment and cannot overcome the presumption that the claims' more general meaning should control. *CCS Fitness, Inc. v. Brunswick Corp.,* 288 F.3d at 1366. Konami also points out that the parties agreed to construe "rhythmic piece" to mean "a work that includes a sound pattern or beat" and they go on to argue that a "beat," can include tactile or light signals, which do not require a "loud speaker" for output.[3] The Court agrees with Konami that "rhythmic piece" should not be so narrowly construed. Accordingly, the Court will not construe "output device for outputting a rhythmic piece," and additionally finds MadCatz proposed construction to be inappropriate.

*Recognizable Relationship*

Konami proposes that "recognizable relationship" should be construed as "having a correspondence such that one can be identified with another," while Defendants argue that "visually apparent association" is more appropriate.  However, neither proposal offers any more guidance than the ordinary and accustomed meaning of the claim language itself.  As that ordinary meaning is consistent with a proper understanding of "recognizable relationship" the Court sees no reason to construe this term.

"Recognizable relationship" is employed in Claim 11 to describe the relationship between the "first display parts" and the "corresponding actuateable parts,"[4] and in Claim 12 to describe the relationship between "first display parts" and "second display parts."[5] 19:48-50, 65-67.[6]  Although neither proffered construction is inappropriate or misleading, neither construction would assist a jury in adducing the meaning of this phrase. *See Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004).  Both parties offer constructions that merely re-characterize the claim language without adding any helpful guidance about the meaning of "recognizable relationship" that is not already apparent from the language itself.

In essence, Defendants' construction "visually apparent association" substitutes "visually apparent" for "recognizable" and "association" for "relationship."  However, "visually apparent" does not advance the meaning of "recognizable" beyond its ordinary and accustomed meaning, and "association" does not measurably clarify "relationship." Similarly, Konami's construction "having

---

3 Tactile or light signals would accommodate a hearing impaired player.
4 "Recognizable relationship" also describes this relationship in claims 22, 28, 36, 42, 45, 46, 48, 49, and 50, but claim 11 is a fair exemplar of how "recognizable relationship" is used in those claims.
5 "Recognizable relationship" also describes this relationship in claims 27, 29, and 37, but claim 12 is a fair exemplar of how "recognizable relationship" is used in those claims.
6 The surrounding language in claim 11 reads "a plurality of actuateable parts for actuation by a player's feet; a display unit displaying first and second display parts, said first display parts having a recognizable relationship with corresponding actuateable parts."  Claim 12 depends from claim 11 and reads, "[d]ance apparatus according to claim

a correspondence such that one can be identified with another" simply restates the ordinary understanding of "recognizable relationship."  These constructions are not incorrect.  In fact, they are both fairly accurate characterizations of the disputed term, but the Court declines to adopt any construction because a proper understanding of this term may be reached from the ordinary and accustomed meaning of these terms in the context of the claims.  Accordingly, the Court elects not to construe "recognizable relationship."

*Matching Relationship*

Konami proposes that "matching relationship" should be construed as "having a correspondence when one overlaps another," whereas Defendants argue that the construction should be "a corresponding relationship."  The main dispute between the parties involves Konami's inclusion of "overlap" in its construction, which Defendants characterize as an impermissible attempt to import a limitation from the specification.  Although the Court agrees with Defendants that Konami's construction is inappropriate, in the end, the Court also declines to adopt Defendants' proposed construction, finding instead that no construction is needed.  First, the Court will address Konami's proposed construction.[7]

Whereas the essence of "recognizable relationship" was in describing the relationship between "first display parts" and "second display parts" as well as between "first display parts" and "corresponding actuatable display parts," the essence of "matching relationship" rests in describing how a player is prompted to "actuate said actuatable parts" such that the player is directed to "dance." Claim 11 offers a fair representation of this term's use throughout the patent, and provides

---

11 wherein said second display parts have a recognizable relationship with corresponding first display parts."
7 The Court declines to consider "a corresponding relationship" because it is both unhelpful and impermissible.  It is unhelpful in the sense that it merely restates "relationship," and impermissible in the sense that it seeks to substitute "corresponding" for "matching," which would unjustifiably broaden the meaning of "matching."

in relevant part: [8]

> said guidance unit including a control section for controlling said relative movement to display a *matching relationship* between said first and second display parts in timed relationship with said rhythmic piece to thereby direct the player to actuate said actuateable parts with the player's feet in timed relationship with the displayed *matching relationship* between the first and second display parts and thereby in timed relationship with said rhythmic piece such that the player is thereby directed to dance in rhythm with said rhythmic piece (emphasis added).

The "matching relationship between said first and second display parts" prompts the player to "actuate" the "actuatable parts."  Further, the "matching relationship" and the "rhythmic piece" are in a "timed relationship."  Thus, a player properly actuating the actuatuatable parts will "dance," in time with the "rhythmic piece," which seems to be at the heart of the game, and certainly of claim 11.  A plain reading of the claims would lead to that understanding of "matching relationship," which is properly focused on the interplay between the "first and second display parts," the "rhythmic piece," and the player actuating the "actuatable parts," that provide cues in such a way that the player is "directed to dance."

Konami seeks to further limit this term, arguing that the specification teaches that this "matching relationship" specifically occurs when "the scrolled mark M *completely overlaps (matches)* the still mark S [which] guides a stepping operation timing (emphasis added)." 8:55-57. However, this excerpt comes from the preferred embodiment and the Court is reluctant to import such a limitation, especially where the claims adequately describe "matching relationship" in the broader sense set forth above. *See Rexnord Corp. v. Laitram Corp.,* 274 F.3d 1336, 1342 (Fed.Cir.2001) ("Unless compelled to do otherwise, a court will give a claim term the full range of its ordinary meaning as understood by an artisan of ordinary skill.). Further, even if it were appropriate to look beyond the claims to the specification, the Court would still elect not to adopt

---

8 This language was taken from claim 11, but "matching relationship" takes on the same meaning and is used in

Konami's construction because "overlaps" is not well supported by the specification.

Konami offers the specification excerpt including "completely overlaps (matches)" to support its construction which includes the significantly more ambiguous "overlaps."[9]  The next sentence emphasizes that "completely overlaps," not merely "overlaps," was contemplated, as it reads "[a]t the timing at which the mark M *completely overlaps* the still mark S, the display luminance or the display color of the still mark S is temporarily changed, showing the matching of timing (emphasis added)." 8:57-60.  To the extent that the specification supports the notion that a "matching relationship" necessarily implies "overlap," it would seem to support a "complete overlap" rather than the more general "overlaps" that appears in Konami's proposed construction. Therefore, the Court cannot find that the specification supports Konami's proposed construction.

As stated before, however, the Court finds that no construction is necessary because a proper understanding of "matching relationship" may be reached from a plain reading of the term in context of the surrounding claim language.

*Relative Movement*

Konami argues that "relative movement" should be construed as "continuous movement of one thing with reference to another."  Defendants Roxor and Redoctane contend that the term requires no construction, and Defendant MadCatz proposes that if the Court decides to construe the term, it should mean "movement of one thing with reference to another."  In addition to whether "relative movement" should be construed at all, the parties disagree about the propriety of Konami's requirement that the movement be "continuous."  The Court finds that the term requires no construction because the patentee used the term in accordance with its ordinary accustomed

---

similar contexts in claims 22, 28, 36, 42, and 45.  Therefore, the Court may fairly use claim 11 as an exemplar.
9 Inserting "overlaps" into the construction could also create confusion as the question will certainly arise, "what does 'overlap' mean?"  The Court is not inclined to adopt a construction that runs the risk of creating such confusion

meaning, and additionally finds that Konami's "continuous" limitation lacks support as applied to

"relative movement."[10]

> "Relative movement" is generally found in the following context:[11]
>
> a guidance unit effecting display of *relative movement* between said first and second
> display parts;
> said guidance unit including a control section for controlling said *relative movement*
> to display a matching relationship between said first and second display parts in
> timed relationship with said rhythmic piece to thereby direct the player to actuate
> said actuateable parts (emphasis added).

This claim language suggests that the patentee used the term "relative movement" in accordance

with its normal and accustomed meaning, which encompasses all types of movement including

"continuous" and "non-continuous" movement. *Rexnord Corp.,* 274 F.3d at 1342. However,

Konami argues that the specification teaches that the display parts are, in fact, a series of discrete

stationary images rapidly displayed to create the illusion of continuous movement. In support,

Konami points to a part of the preferred embodiment describing the allocation of memory that loads

the display parts "without interruption." *See* 8:26-29. The Court finds this excerpt is insufficient to

overcome the presumption that "relative movement" should carry a broader meaning, which is in

accord with its ordinary and accustomed meaning. *CCS Fitness, Inc. v. Brunswick Corp.,* 288 F.3d at

1366.

> Konami's proffered support is a one-line description of the process by which display parts

appear on the screen in a preferred embodiment. However, the surrounding language indicates that

the references to "continuous" movement or movement "without interruption," applies more directly

---

by, in essence, using a term that begs its own construction.

10 The Court finds that "movement of one thing with reference to another" is not helpful because it merely confirms
the ordinary meaning of "relative movement." Thus, the Court will focus on Konami's "continuous" limitation, and
on whether "relative movement" should be construed at all.

11 "Relative movement" appears in claims 11, 22, 28, 36, 42, 46, 48, 49, and 50, but once again, the Court will use
claim 11 as an exemplar.

to the concept of "scrolling" than to "relative movement." The surrounding language reads:

> A *scroll* display control section 110 is used to perform *scroll* display on the display surface of the monitor 3.  The stepping position indication data for one set of data, which is set by the rhythm setting section 107, read from the stepping position indication data memory 105, is replaced with image data (hereinafter referred to as "stepping position indication marks") and is temporarily input to a mark memory 111.  In this mark memory 111, an amount of *two sets of data which are continuous so that the images of the stepping position indication marks are always displayed without interruption on the display surface 31 of the monitor 3 in scroll* display is written.  The *scroll* display control section 110 causes a stepping position indication marks from the mark memory 111 to be written as *scroll* images into a display memory 3a in such a manner that the reading addresses are shifted sequentially at predetermined time intervals.  In this manner, in addition to dance images which are not *scrolled*, stepping indication marks which are *scrolled* are also transferred in sequence to the display memory 3a, and furthermore, the contents of the display memory 3a are repeatedly read and displayed in known display scanning means at a cycle, such as 1/60 seconds, and on the display surface 31, the stepping position indication mark is *scrolled* and displayed on the display surface 31 and the dance image is displayed in a moving-picture manner as a background image (emphasis added). 8:19-44.

The emphasis on "scrolling," which appears in dependent claim 32 as a particular sub-category of "relative movement," indicates that this excerpt describes a preferred embodiment including "scrolling" but the more general concept of "relative movement" is not implicated.

As noted above, the patentee used "relative movement" in its normal and accustomed meaning, which includes both "continuous" and "non-continuous" movement.  The claims do not suggest that any particular type of movement was contemplated, and although Konami argues that the specification teaches a particular type of movement, that guidance is not particularly strong or clear as to "relative movement" and seems to read more directly on "scrolling."  Therefore, the Court finds that this term's ordinary and accustomed meaning controls, and no construction is necessary.

*Scrolling*

"Scrolling" appears in dependant claim 32, and variations of the word "scroll" are found throughout the specification describing a particular type of movement in the preferred embodiment.

15

*See* 8:19-44 supra.  The parties agree that "scrolling" means, "moving viewable elements from a first displayed location to a second displayed location," but the parties disagree about how to characterize the movement between the first and second displayed location.  Defendants argue for, "moving viewable element from a first displayed location to a second displayed location *in a manner reflecting the path traveled* (emphasis added)," while Konami argues for "moving viewable element from a first displayed location to a second displayed location *in a continuous manner* (emphasis added)."  The Court finds that "scrolling" implies "continuous" motion.

   "Scrolling" appears in dependent claim 32, which reads, "[a] method according to claim 28 wherein said step of displaying said second display parts comprises scrolling said second display parts."  Claim 28 states that there is "relative movement" between matching "first and second display parts," and claim 32 narrows claim 28 by stating that the "second display part" is "scrolling."  Unlike the more general "relative movement" appearing in independent claim 28, the term "scrolling" describes movement that is "continuous."  First, "scrolling" is generally understood to mean the movement of text or graphics on a display similar to an unrolling scroll, which implies continuous motion. Generally, the movement can be in any direction, but the necessary implication is that the movement is "continuous." Second, the above quoted specification excerpt, when read in conjunction with claims 28 and 32, supports the notion that scrolling is a narrower type of relative movement that necessarily implies continuity.  Thus, the Court adopts Konami's construction.

*Alleged Indefinite Terms*

   Defendants allege that "effective mating, mating, and mates," "the respective parallel loci," and "said correspondence between said first and second display parts" are invalid by reason of indefiniteness under to 35 U.S.C. § 112 ¶ 2.  Paragraph 2 provides, "the specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which

the applicant regards as his invention."  A claim that fails this test is indefinite and invalid, which only occurs where the claim is not "amenable to construction." *Exxon Research & Eng'g Co. v. United States,* 265 F.3d 1371, 1375 (Fed.Cir.2001).  Because a claim is presumed valid, a claim is indefinite only if the "claim is insolubly ambiguous." *Id.*

The Court agrees with Konami that these claim terms are not indefinite, and adopts the following constructions.

*Effective Mating, Mating, Mates*

On May 3, 2001, the Patent and Trademark Office (the "PTO") rejected patentee's application because of a lack of clarity concerning the meaning of "displaying a mating relationship." *See* Office Action, 5/3/01, p. 2.   In arguing for reconsideration, patentee equated "mating" with "matching" as that term is used in the specification at 8:52-60. Response to Office Action 11/5/01, p. 24.  Patentee did not, as Defendants argue, disclaim the claim scope occupied by "mating" thereby rendering claims containing "mating" invalid.  Rather, patentee clarified the meaning of "mating" within the context of the patent by linking it to the meaning of "matching." *Southwall Techs., Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1576 (Fed.Cir.1995) (Arguments and amendments made during prosecution of a patent application must be examined to determine the meaning of terms in the claims.)  Accordingly, the Court cannot find that this term is indefinite, and construes it in accordance with the prosecution history and specification to mean "matching."

*Respective Parallel Loci and Said Correspondence Between Said First and Second Display Parts*

Defendants contend that both "the respective parallel loci" and "said correspondence between said first and second display parts" are indefinite for lack of antecedent basis, therefore, the Court will analyze them together, beginning with "the respective parallel loci."  The requirement of

17

antecedent basis is a rule of patent drafting, administered during patent examination. *Energizer Holdings, Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366, 1370 (Fed. Cir. 2006).  However, "the failure to provide explicit antecedent basis for terms does not always render a claim indefinite."  *Id. quoting Manual of Patent Examining Procedure* § 2173.05(e) (8th ed. Rev.2, May, 2004).     Indeed, antecedent basis can be present by implication. *Slimfold Manufacturing Co. v. Kinkead Industries, Inc.,* 810 F.2d 1113, 1117 (Fed.Cir.1987).   As with indefiniteness generally, the standard is "if the scope of a claim would be reasonably ascertainable by those skilled in the art, then the claim is not indefinite."   *Bose Corp. v. JBL, Inc.,* 274 F.3d 1354, 1359 (Fed.Cir.2001).

In reading claims 13 and 14 together, the Court finds that a person skilled in the art would be able to ascertain the scope of the claims with reference to "the respective parallel loci." *Id.*  Claims 11 and 13 provide at least implicit antecedent basis for claim 14.  Claims 13 and 14 together provide:

> 13. Dance apparatus according to claim 11 wherein said first display parts comprise moving display parts which move along *parallel loci*, said second display parts comprising stationary display parts disposed within *respective corresponding loci*, said control section of said guidance unit effecting mating of said moving display parts with corresponding stationary display parts in timed relationship with said rhythmic piece.
> 14. Dance apparatus according to claim 13 wherein said moving display parts move along *the respective parallel loci* in spaced array such that the player views the spaced moving display parts prior to the occurrence of said mating whereby the player thereby anticipates the timing for actuating said actuatable parts (emphasis added).

Defendants argue that "the respective parallel loci" lacks antecedent basis because there is no prior term "respective parallel loci," but Konami contends that "parallel loci" provides antecedent basis for this term. When claims 13 and 14 are read together, it is certainly ascertainable that "parallel loci," "respective corresponding loci," and "the respective parallel loci" all contemplate the same parallel tracks along which "first display parts" move until "effective mating" is achieved with the stationary "second display parts."  The fact that "the respective parallel loci" finds no explicit

antecedent basis in "parallel loci" is insufficient, in light of the surrounding claim language, to render this term indefinite.  Accordingly, the Court finds that "the respective parallel loci" in claim 14 finds antecedent basis in claim 13.

Similarly, the Court finds that "said correspondence between said first and second display parts" is not indefinite.  The Court agrees with Konami that this language from claim 25 finds antecedent basis in claim 22.  These claims provide in relevant part:

> 22. Dance apparatus for use by a player comprising:
> Said guidance unit including a control section for controlling said relative movement to display a *matching relationship* between said first and second display parts in synchronism with said ordered flow of signals to thereby provide a display directing the person to effect actuation of said actuateable parts by the person's feet in synchronism with said ordered flow of signals.
> 25. Dance apparatus according to claim 22 wherein *said correspondence between said first and second display parts* occurs in time relationship with said ordered flow of signals (emphasis added)."

Although it is true that "matching relationship" does not provide explicit antecedent basis for "said correspondence between said first and second display parts," the Court cannot say that this "claim is insolubly ambiguous." *Exxon Research & Eng'g Co. v. United States,* 265 F.3d 1371, 1375 (Fed.Cir.2001).  The only relationship between the "first display parts" and "second display parts" described in claim 22 is a "matching relationship."  Therefore, when dependent claim 25 refers to "said correspondence between said first and second display parts," it is clear that "said first and second display parts" refer to "first and second display parts" in claim 22 and one skilled in the art would have little choice but to conclude, despite the difference in terms, that "said correspondence" refers to "matching relationship."  Accordingly, the Court cannot find that "said correspondence between said first and second display parts" is not indefinite.

### Conclusion

For the foregoing reasons, the Court interprets the claim language in this case in the manner

19

set forth above.  For ease of reference, the Court's claim interpretations are set forth in a table

attached to this opinion.

**So ORDERED and SIGNED this 4th day of August, 2006.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

C.A. No. 2:05-CV-00173

KONAMI CORPORATION
v.
ROXOR GAMES, INC., MAD CATZ, INC., and REDOCTANE,

**CLAIM CONSTRUCTION CHART PURSUANT TO LOCAL RULE P.R. 4-5(d)**

A.    **Agreed Claim Terms**

| Agreed Claim Terms | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| **Action Instructions** | [Agreed] | [Agreed] | Indication to the player for an immediate act or movement |
| **Actuateable Parts** | [Agreed] | [Agreed] | Components responsive to an action |
| **Actuation Instructions** | [Agreed] | [Agreed] | Indication to the player to take certain action |
| **Anticipatory Instructions** | [Agreed] | [Agreed] | Indication to the player that the time for certain action is approaching |
| **Comparison Unit** | [Agreed] | [Agreed] | Unit capable of identifying similarities or differences |
| **Control Section** | [Agreed] | [Agreed] | A functional component of the guidance unit |
| **Dance** | [Agreed] | [Agreed] | Move to a rhythmic piece, pattern or beat |
| **Directed Time** | [Agreed] | [Agreed] | The specified moment when an event or act is instructed to occur |
| **Display Screen Parts** | [Agreed] | [Agreed] | Viewable elements on a display screen |
| **Display Parts** | [Agreed] | [Agreed] | Viewable elements on a display |

1

| Agreed Claim Terms | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| Display Unit | [Agreed] | [Agreed] | Unit capable of presenting visual output |
| Evaluation Unit | [Agreed] | [Agreed] | Unit capable of analyzing |
| Guidance Unit | [Agreed] | [Agreed] | Unit capable of presenting instructions or directions |
| In Sequence | [Agreed] | [Agreed] | One after another |
| In Spaced Array | [Agreed] | [Agreed] | Visually presented with space between them |
| In Synchronism | [Agreed] | [Agreed] | Having a temporal coincidence |
| Instruction Signals | [Agreed] | [Agreed] | Output signals directing certain conduct |
| Loci | [Agreed] | [Agreed] | Sets of all points whose locations are determined by stated conditions |
| Moving Said Person's Feet In Rhythmic With Said Rhythmic Piece [claim 28] | [Agreed] | [Agreed] | Moving said person's feet in rhythm with said rhythmic piece |
| Ordered Flow of Signals | [Agreed] | [Agreed] | A prescribed or systematic sequence of impulse, sound, image, or message |
| Output Device | [Agreed] | [Agreed] | An apparatus for signaling an output |
| Parallel | [Agreed] | [Agreed] | Non-intersecting |
| Progressively Diminishing Time | [Agreed] | [Agreed] | Advancing toward the expiration of an express or implied time limit |
| Recognizable With [claim 23] | [Agreed] | [Agreed] | Recognizable relationship with |
| Rhythmic Piece | [Agreed] | [Agreed] | A work that includes a sound pattern or beat |
| Stationary Display Parts | [Agreed] | [Agreed] | Display parts that do not move |
| Timed Relationship | [Agreed] | [Agreed] | Corresponding in time |

2

| Agreed Claim Terms | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Construction |
|---|---|---|---|
| **Visual Display Representative of said Rhythmic Piece** | [Agreed] | [Agreed] | A visual presentation bearing some relationship to a designated work that includes a sound pattern or beat |

3

B.    **Disputed Claim Terms**

| U.S. Patent No. 6,410,835 Claims 1-10 (not asserted) | | | |
|---|---|---|---|
| Not asserted. | | | |

| U.S. Patent No. 6,410,835 Claim 11 (claim terms) | **Konami's Proposed Construction** | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** for use by a player comprising: | **Dance apparatus**: No construction necessary | **Dance apparatus**: a self-contained piece of equipment, comprising certain components, for directing and monitoring movement | No construction necessary |
| an **output device for outputting a rhythmic piece**; | **Output device for outputting a rhythmic piece**: No construction necessary in view of construction of "output device" (see Agreed Terms) | **Output device for outputting a rhythmic piece**: A loudspeaker. **(Mad Catz)** | No construction necessary |
| a plurality of actuateable parts for actuation by a player's feet | | | |
| a display unit displaying first and second display parts, said first display parts having a **recognizable relationship** with corresponding actuateable parts; | **Recognizable relationship**: having a correspondence such that one can be identified with another | **Recognizable relationship**: visually apparent association | No construction necessary |

4

| U.S. Patent No. 6,410,835 Claim 11 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| a guidance unit effecting display of **relative movement** between said first and second display parts; | **Relative movement:** Continuous movement of one thing with reference to another | **Relative movement:** No Construction Needed. **(Roxor/RedOctane)**<br><br>**Relative movement:** movement of one thing with reference to another **(Mad Catz)** | No construction necessary |
| said guidance unit including a control section for controlling said **relative movement** to display a **matching relationship** between said first and second display parts in timed relationship with said rhythmic piece to thereby direct the player to actuate said actuateable parts with the player's feet in timed relationship with the displayed matching relationship between the first and second display parts and thereby in timed relationship with said rhythmic piece such that the player is thereby directed to dance in rhythm with said rhythmic piece. | **Matching relationship:** having a correspondence when one overlaps another | **Matching relationship:** a corresponding association | No construction necessary |

5

| U.S. Patent No. 6,410,835 Claim 12 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 11 wherein said second display parts have a **recognizable relationship** with corresponding first display parts. | **Dance apparatus:** See Claim 11<br><br>**Recognizable relationship:** *See* Claim 11. | **Dance apparatus:** *See* Claim 11.<br><br>**Recognizable relationship:** *See* Claim 11. | No construction necessary<br><br>No construction necessary |

| U.S. Patent No. 6,410,835 Claim 13 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 11 wherein said first display parts comprise moving display parts which move along parallel loci, said second display parts comprising stationary display parts disposed within respective corresponding loci, said control section of said guidance unit effecting **mating** of said moving display parts with corresponding stationary display parts in timed relationship with said rhythmic piece. | **Dance apparatus:** See Claim 11<br><br>**Effecting mating:** DEFINITE | **Dance apparatus:** *See* Claim 11.<br><br>**Effecting mating:** INDEFINITE | No construction necessary<br><br>DEFINITE. The Court construes "matching" to mean "mating". |

| U.S. Patent No. 6,410,835 Claim 14 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 13 wherein said moving | **Dance apparatus:** See Claim 11 | **Dance apparatus:** *See* Claim 11. | No construction necessary |

6

| | | | |
|---|---|---|---|
| display parts move along **the respective parallel loci** in spaced array such that the player views the spaced moving display parts prior to the occurrence of said **mating** whereby the player thereby anticipates the timing for actuating said actuateable parts.. | **The respective parallel loci:** DEFINITE in view of claims 11, 13 and 14 <br><br> **Mating:** *See* Claim 13. | **The respective parallel loci:** Lacks antecedent basis and thus is indefinite. <br><br> **Mating:** *See* Claim 13. | DEFINITE <br><br><br> DEFINITE - The Court construes this term to mean "matching". |

| U.S. Patent No. 6,410,835 Claim 15 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 13 wherein said moving display parts move along **the respective parallel loci** in sequence such that the player views the moving display parts prior to the occurrence of said **mating** and thereby anticipates the sequence for actuating said actuateable parts. | **Dance apparatus:** See Claim 11 <br><br> **The respective parallel loci:** DEFINITE in view of claims 11, 13 and 15 <br><br> **Mating:** *See* Claim 13. | **Dance apparatus:** *See* Claim 11. <br><br> **The respective parallel loci:** Lacks antecedent basis and thus is indefinite. <br><br> **Mating:** *See* Claim 13. | No construction necessary <br><br> DEFINITE <br><br><br> DEFINITE - The Court construes this term to mean "matching". |

| U.S. Patent No. 6,410,835 Claim 16 (claim terms) | | | |
|---|---|---|---|
| Not asserted. | | | |

7

| U.S. Patent No. 6,410,835 Claim 17 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 11 comprising an evaluation unit evaluating the player's performance by comparing the timing of the correspondence of the first and second display parts and the timing that the player actuates said actuateable parts. | **Dance apparatus:** *See* Claim 11 | **Dance apparatus:** *See* Claim 11. | No construction necessary |

8

| U.S. Patent No. 6,410,835 Claim 18 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** for use by a player comprising: | **Dance apparatus:** *See* Claim 11 | **Dance apparatus:** *See* Claim 11. | No construction necessary |
| an **output device for outputting a rhythmic piece**; | **Output device for outputting a rhythmic piece:** *See* Claim 11 | **Output device for outputting a rhythmic piece:** *See* Claim 11 | No construction necessary |
| a plurality of actuateable parts for actuation by a player's feet; and | | | |
| a display unit displaying actuation instructions to the player in timed relationship with the rhythmic piece, said actuation instructions including an anticipatory instruction phase and an action instruction phase, | | | |
| said action instruction phase displaying instructions to the player indicating the time that the player is to actuate the actuateable parts in timed relationship with the output of said rhythmic piece such that the player is thereby directed to move the player's feet in timed relationship with the output of the rhythmic piece. | | | |
| said anticipatory instruction phase being displayed prior to display of said action instruction phase such that the player | | | |

| U.S. Patent No. 6,410,835 Claim 19 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 18 wherein said anticipatory instruction phase provides a display representing progressively diminishing time remaining prior to display of said action instruction phase. | **Dance apparatus:** *See* Claim 11 | **Dance apparatus:** *See* Claim 11 | No construction necessary |

10

| U.S. Patent No. 6,410,835 Claim 20 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 18 wherein said action instruction phase outputs timed instruction signals in timed relationship with said rhythmic piece, said actuateable parts outputting actuation signals when actuated by the player's feet, and an evaluation unit receiving said instruction signals and said actuation signals and providing an evaluation of the player's performance based on deviation between said instruction signals and said actuation signals. | **Dance apparatus:** *See* Claim 11 | **Dance apparatus:** *See* Claim 11 | No construction necessary |

| U.S. Patent No. 6,410,835 Claim 21 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 20 wherein said evaluation unit provides an evaluation of the player's performance based on the time difference between the instruction signals and the actuation signals. | **Dance apparatus:** *See* Claim 11 | **Dance apparatus:** *See* Claim 11 | No construction necessary |

11

| U.S. Patent No. 6,410,835 Claim 22 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** for use by a player comprising: | **Dance apparatus:** *See* Claim 11 | **Dance apparatus:** *See* Claim 11 | No construction necessary |
| an output device for outputting an ordered flow of signals; | | | |
| a plurality of actuateable parts for actuation by a person's feet; and | | | |
| a display unit displaying first and second display parts, said first display parts having a **recognizable relationship** with corresponding actuateable parts; and | **Recognizable relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11. | No construction necessary |
| a guidance unit effecting display of **relative movement** between said first and second display parts; | **Relative movement:** *See* Claim 11. | **Relative movement:** *See* Claim 11. | No construction necessary |
| said guidance unit including a control section for controlling said **relative movement** to display a **matching relationship** between said first and second display parts in synchronism with said ordered flow of signals to thereby provide a display directing the person to effect actuation of said actuateable parts by the person's feet in synchronism with said ordered flow of signals. | **Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | **Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | No construction necessary<br><br>No construction necessary |

.DALDMS/574553.1

| U.S. Patent No. 6,410,835 Claim 23 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 22 wherein said second display parts have a recognizable with corresponding first display parts. | **Dance apparatus:** *See* Claim 11. | **Dance apparatus:** *See* Claim 11. | No construction necessary |

| U.S. Patent No. 6,410,835 Claim 25 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 22 wherein **said correspondence between said first and second display parts** occurs in timed relationship with said ordered flow of signals. | **Dance apparatus:** *See* Claim 11. **Said correspondence between said first and second display parts:** Definite – antecedent basis is provided in view of claim 22 | **Dance apparatus:** *See* Claim 11. **Said correspondence between said first and second display parts:** Lacks antecedent basis and is thus indefinite. | No construction necessary DEFINITE |

13

| U.S. Patent No. 6,410,835 Claim 26 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** according to claim 22 comprising a comparison unit comparing the timing of the correspondence of the first and second display parts and the timing that the person's feet actuate said actuateable parts. | **Dance apparatus:** *See* Claim 11. | **Dance apparatus:** *See* Claim 11. | No construction necessary |

| U.S. Patent No. 6,410,835 Claim 27 (claim terms) | | | |
|---|---|---|---|
| Not asserted. | | | |

14

| U.S. Patent No. 6,410,835 Claim 28 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method for directing a person to dance comprising: | | | |
| outputting rhythmic piece; | | | |
| providing a plurality of actuateable parts for actuation by a person's feet; | | | |
| displaying first and second display parts, said first display parts having a **recognizable relationship** with corresponding actuateable parts; | **Recognizable relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11. | No construction necessary |
| displaying **relative movement** between said first and second display parts; | **Relative movement:** *See* Claim 11. | **Relative movement:** *See* Claim 11. | No construction necessary |
| controlling said **relative movement** to display a **matching relationship** between said first and second display parts in timed relationship with said rhythmic piece to thereby provide a visual display representative of said rhythmic piece; and | **Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | **Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | No construction necessary<br><br>No construction necessary |
| directing said person to dance by moving said person's feet in rhythmic with said rhythmic piece by viewing said visual display. | | | |

| U.S. Patent No. 6,410,835 Claim 29 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 28 wherein said second display parts have a **recognizable relationship** with corresponding first display parts. | **Recognizable relationship:** *See* Claim 11 | **Recognizable relationship:** *See* Claim 11 | No construction necessary |

| U.S. Patent No. 6,410,835 Claim 30 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 28 wherein said directing step directs the person to actuate said actuateable parts with the person's feet in timed relationship with the displayed correspondence between the first and second display parts and thereby in timed relationship with said rhythmic piece. | | | |

16

| U.S. Patent No. 6,410,835 Claim 31 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 28 wherein said step of displaying said first display parts comprises moving said first display parts along separate and parallel loci. | | | |

| U.S. Patent No. 6,410,835 Claim 32 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 28 wherein said step of displaying said second display parts comprises **scrolling** said second display parts. | **Scrolling:** moving viewable elements from a first displayed location to a second displayed location in a continuous manner | **Scrolling:** moving viewable elements from a first displayed location to a second displayed location in a manner reflecting the path traveled | moving viewable elements from a first displayed location to a second displayed location in a continuous manner |

17

| U.S. Patent No. 6,410,835 Claim 33 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 28 wherein said step of displaying said first display parts comprises displaying said first display parts as moving along separate loci, said step of displaying said second display parts comprising displaying said second display parts as disposed in respective corresponding loci, said displaying of correspondence between said first and second display parts occurring when one first display part moving along one locus **mates** with a respective corresponding second display part disposed along said one locus. | **Mates:** DEFINITE – *See* Claim 13. | **Mates:** Indefinite. *See* Claim 13. | DEFINITE - The court construes this term to mean "matches". |

18

| U.S. Patent No. 6,410,835 Claim 34 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method for directing a person to dance comprising: | | | |
| providing a plurality of actuateable parts for actuation by a person's feet; | | | |
| outputting a rhythmic piece; | | | |
| displaying action instructions in timed relationship with said rhythmic piece; | | | |
| directing the person to dance by actuating said actuateable parts with the person's feet in timed relationship with said rhythmic piece; and | | | |
| displaying anticipatory instructions prior to display of said action instructions such that the person thereby anticipates the time to actuate the actuateable parts. | | | |

19

| U.S. Patent No. 6,410,835 Claim 35 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 34 wherein said displaying of anticipatory instructions displays progressively diminishing time remaining to the display of the corresponding action instructions. | | | |

20

| U.S. Patent No. 6,410,835 Claim 36 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method for directing a person to dance comprising: | | | |
| outputting an ordered flow of signals; | | | |
| providing a plurality actuateable parts for actuation by a person's feet; | | | |
| displaying first and second display parts, said first display parts having a **recognizable relationship** with corresponding actuateable parts; | **Recognizable relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11. | No construction necessary |
| displaying **relative movement** between said first and second display parts; and | **Relative movement:** *See* Claim 11. | **Relative movement:** *See* Claim 11. | No construction necessary |
| displaying a **matching relationship** between said first and second display parts in synchronism with said ordered flow of signals to thereby provide a visual display to direct the person to dance by effecting actuation of said actuateable parts by said player's feet in synchronism with said ordered flow of signals. | **Matching relationship:** *See* Claim 11. | **Matching relationship:** *See* Claim 11. | No construction necessary |

.DALDMS/574553.1

| U.S. Patent No. 6,410,835<br>Claim 37 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 36 wherein said second display parts have a **recognizable relationship** with said first display parts. | **Recognizable relationship:** *See* Claim 11. | **Recognizable relationship:** Recognizable relationship: *See* Claim 11. | No construction necessary |

| U.S. Patent No. 6,410,835<br>Claim 38 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 36 wherein said outputting of an ordered flow of signals comprises outputting a rhythmic piece. | | | |

| U.S. Patent No. 6,410,835<br>Claim 39 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 36 comprising comparing deviation between correspondence of the first and second display part and actuation of the actuateable parts by the player's feet. | | | |

22

| U.S. Patent No. 6,410,835 Claim 40 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 36 wherein said step of displaying correspondence between said first and second display parts in synchronism with said ordered flow of signals comprises displaying correspondence between said first and second display parts in timed relationship with said ordered flow of signals. | | | |

| U.S. Patent No. 6,410,835 Claim 41 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method according to claim 36 wherein said step of displaying correspondence between said first and second display parts in synchronism with said ordered flow of signals comprises displaying correspondence between said first and second display parts in sequential relationship with said ordered flow of signals. | | | |

23

| U.S. Patent No. 6,410,835 Claim 42 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A dance game method comprising: | | | |
| outputting a rhythmic piece; | | | |
| providing actuateable parts for actuation by a game player's feet; | | | |
| providing a display unit; | | | |
| displaying sequential and timed instructions on said display unit in timed relationship with the output of said rhythmic piece; | | | |
| directing the player to dance by actuating the actuateable parts with the player's feet in sequence and in timed relationship with said display of sequential and timed instructions on said display unit and thereby in time with said rhythmic piece; | | | |
| said step of directing the player comprising displaying on said display unit first display parts having a **recognizable relationship** with respective corresponding actuateable parts, displaying on said display unit second display parts having a **recognizable relationship** with respective corresponding first display parts, effecting **relative movement** between said first and | **Recognizable relationship:** *See* Claim 11.<br><br>**Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11.<br><br>**Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | No construction necessary<br><br>No construction necessary<br><br>No construction necessary |

24

| U.S. Patent No. 6,410,835 Claim 42 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| evaluating the player's performance based on deviation between the directed time to actuate said actuateable parts and the time the game player's feet actuate said actuateable parts. | | | |

| U.S. Patent No. 6,410,835 Claim 43 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A dance game method according to claim 42 wherein said step of displaying said first display parts comprises displaying said first display parts as moving display parts moving along parallel loci, said step of displaying said second display parts comprising displaying said second display parts disposed along said loci, said instructing step comprising instructing the game player to actuate said actuateable parts when one moving display part moving along one locus **mates** with one second displayed part disposed in said one locus. | **Mates:** *See* Claim 13. | **Mates:** *See* Claim 13. | DEFINITE - The Court construes this term to mean "matches". |

25

| U.S. Patent No. 6,410,835 Claim 44 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A dance game method according to claim 42 wherein said step of displaying said moving display parts comprises displaying said moving display parts as moving along the respective loci in spaced array, said instructing step including enabling the game player to view the spaced and moving display parts prior to the occurrence of said mating of each moving display part with its respective corresponding second display part, whereby the player anticipates upcoming dance steps. | | | |

26

| U.S. Patent No. 6,410,835<br>    Claim 45 (claim terms) | Konami's Proposed<br>Construction | Defendants' Proposed<br>Construction | Court's Construction |
|---|---|---|---|
| A    dance    game    method comprising: | | | |
| outputting a rhythmic piece; | | | |
| providing a plurality of actuateable parts for actuation by a player; | | | |
| providing a display unit having display screen parts; | | | |
| displaying first display parts on said display unit having a **recognizable relationship** with corresponding actuateable parts; | **Recognizable relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11. | No construction necessary |
| displaying **relative movement** between said first display parts and said display screen parts; | **Relative movement:** *See* Claim 11. | **Relative movement:** *See* Claim 11. | No construction necessary |
| controlling said **relative movement** to display a **matching relationship** between said first display parts and said display screen parts in timed relationship with said rhythmic piece to thereby provide a visual display representative of said rhythmic piece; and | **Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim11. | **Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | No construction necessary<br><br>No construction necessary |
| directing a player to dance by effecting actuation of said actuateable parts by the player's feet in accordance with said visual display. | | | |

27

| U.S. Patent No. 6,410,835 Claim 46 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| **Dance apparatus** for use by a player comprising: | **Dance apparatus:** See Claim 11 | **Dance apparatus:** *See* Claim 11. | No construction necessary |
| an **output device for outputting a rhythmic piece;** | **Output device for outputting a rhythmic piece:** *See* Claim 11 | **Output device for outputting a rhythmic piece:** *See* Claim 11. | No construction necessary |
| a plurality of actuateable parts for actuation by a player's feet; | | | |
| a display unit displaying first and second display parts, said first display parts having a **recognizable relationship** with corresponding actuateable parts; and | **Recognizable relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11. | No construction necessary |
| a guidance unit effecting display of **relative movement** between said first and second display parts, said guidance unit including a control section for controlling said **relative movement** to display correspondence between said first and second display parts in timed relationship with said rhythmic piece to thereby direct the player to actuate said actuateable parts with the player's feet in timed relationship with the displayed correspondence between the first and second display parts and thereby in timed relationship with said rhythmic piece such that the | **Relative movement:** *See* Claim 11. | **Relative movement:** *See* Claim 11. | No construction necessary |
| | | | |

28

| U.S. Patent No. 6,410,835 Claim 47 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| said first display parts comprising | **Mating:** *See* Claim 13. | **Mating:** *See* Claim 13. | DEFINITE - This Court construes this term to mean "matching". |
| **Dance apparatus** according to claim 46 wherein said moving display parts the respective parallel loci in spaced array such that the player views the spaced moving display parts prior to the occurrence of said **mating** whereby the player thereby anticipates the timing for actuating said actuateable parts. | **Dance apparatus:** *See* Claim 11<br><br>**Mating:** *See* Claim 13. | **Dance apparatus:** *See* Claim 11<br><br>**Mating:** *See* Claim 13. | No construction necessary<br><br>DEFINITE - This Court construes this term to mean "matching". |

29

| U.S. Patent No. 6,410,835 Claim 48 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method for directing a person to dance comprising: | | | |
| outputting a rhythmic piece; | | | |
| providing a plurality of actuateable parts for actuation by a person's feet; | | | |
| displaying first and second display parts, said first display parts having a **recognizable relationship** with corresponding actuateable parts; said step of displaying said first display parts comprising moving said first display parts along separate and parallel loci; | **Recognizable relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11. | No construction necessary |
| displaying **relative movement** between said first and second display parts; | **Relative movement:** *See* Claim 11. | **Relative movement:** *See* Claim 11. | No construction necessary |
| controlling said **relative movement** to display correspondence between said first and second display parts in timed relationship with said rhythmic piece to thereby provide a visual display representative of said rhythmic piece; and | **Relative movement:** *See* Claim 11. | **Relative movement:** *See* Claim 11. | No construction necessary |
| directing said person to dance by moving said person's feet in rhythm with said rhythmic piece by viewing said visual display. | | | |

30

| U.S. Patent No. 6,410,835 Claim 49 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A method for directing a person to dance comprising: | | | |
| outputting a rhythmic piece; | | | |
| providing a plurality of actuateable parts for actuation by a person's feet; | | | |
| displaying first and second display parts, said first display parts having a **recognizable relationship** with corresponding actuateable parts; said step of displaying said first display parts comprises displaying said first display parts as moving along separate loci, said step of displaying said second display parts comprising displaying said second display parts as disposed in respective corresponding loci; | **Recognizable relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11. | No construction necessary |
| displaying **relative movement** between said first and second display parts; | **Relative movement:** *See* Claim 11. | **Relative movement:** *See* Claim 11. | No construction necessary |
| controlling said **relative movement** to display correspondence between said first and second display parts in timed relationship with said rhythmic piece to thereby provide a visual display representative of said rhythmic piece, said displaying of | **Relative movement:** *See* Claim 11. **Mates:** *See* Claim 13. | **Relative movement:** *See* Claim 11. **Mates:** *See* Claim 13. | No construction necessary DEFINITE - This Court construes this term to mean "matches". |

31

| | | | |
|---|---|---|---|
| correspondence between said first and second display parts occurring when one first part moving along one locus **mates** with a respective corresponding second display part disposed along said one locus; and | | | |
| directing said person to dance by moving said person's feet in rhythm with said rhythmic piece by viewing said visual display. | | | |

32

| U.S. Patent No. 6,410,835 Claim 50 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A dance game method comprising: | | | |
| outputting a rhythmic piece; | | | |
| providing actuateable parts for actuation by a game player's feet; | | | |
| providing a display unit; | | | |
| displaying sequential and timed instructions on said display unit in timed relationship with the output of said rhythmic piece; | | | |
| directing the player to dance by actuating the actuateable parts with the player's feet in sequence and in timed relationship with said display of sequential and timed instructions on said display unit and thereby in time with said rhythmic piece; and | | | |
| said step of directing the player comprising displaying on said display unit first display parts having a **recognizable relationship** with respective corresponding actuateable parts, displaying on said display unit second display parts having a **recognizable relationship** with respective corresponding first display parts, effecting **relative movement** between said first and | **Recognizable relationship:** *See* Claim 11.<br><br>**Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | **Recognizable relationship:** *See* Claim 11.<br><br>**Relative movement:** *See* Claim 11.<br><br>**Matching relationship:** *See* Claim 11. | No construction necessary<br><br>No construction necessary<br><br>No construction necessary |

| U.S. Patent No. 6,410,835 Claim 50 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| said step of displaying said first display parts comprising displaying said first display parts as moving display parts moving along parallel loci, said step of displaying said second display parts comprising displaying said second display parts disposed along said loci, said instructing step comprising instructing the game player to actuate said actuateable parts when one moving display part moving along one locus **mates** with one second displayed part disposed in said one locus; | **Mates:** *See* Claim 13. | **Mates:** *See* Claim 13. | DEFINITE - The Court construes this term to mean "matches". |
| evaluating the player's performance based on deviation between the directed time to actuate said actuateable parts and the time the game player's feet actuates said actuateable parts. | | | |

34

| U.S. Patent No. 6,410,835 Claim 51 (claim terms) | Konami's Proposed Construction | Defendants' Proposed Construction | Court's Construction |
|---|---|---|---|
| A dance game method according to claim 50 wherein said step of displaying said moving display parts comprises displaying said moving display parts as moving along the respective loci in spaced array, said instructing step including enabling the game player to view the spaced and moving display parts prior to the occurrence of said **mating** of each moving display part with its respective corresponding second display part, whereby the player anticipates upcoming dance steps. | **Mating:** *See* Claim 13. | **Mating:** *See* Claim 13. | DEFINITE - The Court construes this term to mean "matching". |

35